```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MERCEDES LANG AND**                                    **CIVIL ACTION**
**DOIDY LAND**

**VERSUS**                                               **NO. 14-450**

**STATE FARM FIRE AND**                                  **SECTION "B"(1)**
**CASUALTY COMPANY**

## ORDER AND REASONS

### Facts and Procedural History

     Plaintiffs Mercedes and Doidy Lang (collectively "Plaintiffs") brought the instant suit against State Farm Fire and Casualty Company ("State Farm") in state court seeking insurance payments following property damage caused by Hurricane Isaac. In their state court complaint, Plaintiffs included the following language:

> Upon information and belief, the value of this claim exceeds $50,000, but is less than $75,000, with penalties and attorney fees, but exclusive of interest and costs. Plaintiffs and undersigned counsel stipulate they will not amend these pleadings to seek greater than a $75,000, total award, including penalties and attorney's fees, but exclusive of interest and costs. Plaintiffs and undersigned counsel further stipulate that they renounce any right to enforce any judgment amount over and above $75,000, exclusive of interest and costs.

Petition for Damages, (Rec. Doc. No. 1-1 at ¶ 32).

State Farm removed to this Court, claiming jurisdiction under 28 U.S.C. § 1332. Plaintiffs now seek remand, contending that the amount in controversy for federal diversity jurisdiction is not present.

1

Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 7) is **GRANTED** and the instant case is **REMANDED** to the Civil District Court for the Parish of Orleans.

**Law and Analysis**

Federal Courts are courts of limited jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A defendant may remove a civil action pending in state court only where a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once removal jurisdiction is challenged the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Any ambiguities should be construed against removal, and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

It is well settled that plaintiffs may avoid removal by tailoring their state court complaint to preclude federal jurisdiction, including pleading damages below the jurisdictional minimum for diversity jurisdiction. *Allen* at 1335; *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). A plaintiff seeking to remain in state court however faces difficulty in states, like Louisiana, that prohibit state court plaintiffs from pleading a specific amount of damages in

their state court complaint. La. Code Civ. Proc. Ann. art. 893. In cases removed from these states, the federal amount in controversy requirement is measured by whether "it is facially apparent from the plaintiffs' complaint that their claims are likely above $75,000." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (internal quotations and alterations omitted).

Plaintiffs wishing to remain in state court and comply with state rules of civil procedure may "prevent removal [by] fil[ing] a binding stipulation or affidavit with their complaints" so long as the stipulation establishes to a "legal certainty" that the federal amount in controversy is not present. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).[1] Louisiana law expressly permits this practice. *See* La. Code Civ. Proc. art. 893 ("The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.").

---

[1] A stipulation limiting damages may not however be used in a proposed class action case where the class has not yet been certified. Since no class is proposed here, the analysis is unaffected by this rule. *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Cf. Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (stipulation on damages ineffective pre-class certification in Class Action Fairness Act case).

3

The stipulation itself must meet certain requirements to deny the federal court removal jurisdiction. The stipulation must be irrevocable on plaintiff's part, and not represent an attempt to "manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand." *De Aguilar* at 1411–12; *see also Sterns v. Scottsdale Ins. Co.*, 2010 WL 2733771 (E.D. La. July 8, 2010) (Engelhardt, J.) (stipulation must "affirmatively renounce the right to accept a judgment in excess of $75,000"). The stipulation must also occur pre-removal, since post-removal stipulations generally have no effect. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The use of a stipulation limiting recovery has become more commonplace in recent years. Whereas the Fifth Circuit originally expressed skepticism over the practice, calling it "a bold effort to avoid federal court", *De Aguilar* at 1409, several courts have accepted the practice - including multiple judges from this district - so long as the stipulation makes clear that the plaintiff will not be able to seek recovery above the federal jurisdictional minimum on remand. *See*, *e.g.*, *Lachney v. State Farm Fire & Cas. Co.*, 2014 WL 1514172 (E.D. La. Apr. 16, 2014) (Feldman, J); *Lilly v. Allstate Ins. Co.*, 2007 WL 4255616 (E.D. La. Nov. 30, 2007) (Vance, CJ); *Akhtar v. Allstate Ins.*

4

*Co.*, 2007 WL 4557754 (E.D. La. Dec. 21, 2007) (Barbier, J); *Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, 2004 WL 2984329 (E.D. La. Dec. 23, 2004) (Engelhardt, J).

Here, Plaintiffs have stipulated in their complaint that they "renounce any right to enforce any judgment amount over and above $75,000, exclusive of interest and costs." Petition for Damages, (Rec. Doc. No. 1-1 at ¶ 32). The Court finds this waiver effective to limit the recovery amount. The waiver is unambiguous. By its clear terms Plaintiffs have relinquished any claim to any amount awarded over $75,000. This waiver of recovery conclusively establishes that the federal amount in controversy minimum is not met. Thus, the Court is deprived of subject matter jurisdiction over the instant suit.

State Farm argues that the stipulation is not valid because it was included in Plaintiffs' complaint, rather than in a separate affidavit. Judge Engelhardt rejected a similar argument in *Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, 2004 WL 2984329 (E.D. La. Dec. 23, 2004). There, the plaintiffs pled in their state court complaint "the aggregated monetary damages on all counts ..., including penalties and statutory attorney's fees, but exclusive of interests and costs, do not exceed $74,999; and [each plaintiff] affirmatively and knowingly waives entitlement to any damages ..., including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of

5

$74,999." *Id*. at *2 (edits in original). No separate stipulation or affidavit was attached to the complaint. Nonetheless, Judge Engelhardt granted the plaintiffs' motion to remand, reasoning the language as pled in the complaint was a "judicial confession" under La. Civ.Code art. 1853 which cannot be revoked except as "an error of fact." *Id*. Accordingly, Judge Engelhardt found that the stipulation in the complaint established to a legal certainty that less than $75,000 was at issue. *Engstrom* at *5. Other courts analyzing Louisiana law have reached similar conclusions regarding stipulations on damages contained in plaintiff's complaint. *See*, *e.g.*, *Blood v. Interstate Brands Corp.*, 2011 WL 902001 (W.D. La. Mar. 10, 2011) (finding "stipulation as to limitation of damages contained in plaintiffs' complaint is a valid and binding judicial confession under Louisiana law").

The Court concurs with the analysis in *Engstrom*. Plaintiffs, by stipulating in their complaint that they will not accept a damage award above $75,000, have judicially confessed under Louisiana law that their relief is limited below that amount. They will not be able to seek above that amount at the conclusion of litigation. Accordingly, federal jurisdiction does not exist. [2]

---

[2] Because the Court finds the stipulation conclusively establishes that federal jurisdiction is not met, there is no need to resolve the parties'

State Farm also argues that Plaintiffs' attorney cannot bind them to the stipulation. This argument was rejected by Chief Judge Vance in *Lachney v. State Farm Fire & Cas. Co.*, 2014 WL 1514172 (E.D. La. Apr. 16, 2014) (finding "the plaintiffs are bound by the stipulation signed by their attorney"); *see also* La. Civ.Code art. 1853, cmt. (b) ("a declaration made by a party's attorney . . . has the same effect as one made by the party himself"). The argument is similarly rejected here.[3]

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 7) is **GRANTED** and the instant case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 28th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

additional dispute over depreciations, deductibles, and prior payments, and their effect on the amount in controversy.

[3] Given the foregoing factual and legal analysis, removing parties would be wise to reconsider their positions in order to avoid similar results as here, and the potential fee awards that would result from removals based on the same grounds as here.

7